THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| TRISTIN SCHIMANSKI, on behalf of herself, individually, and on behalf of all others similarly situated, | ) ) ) ) |
| Plaintiff, | ) Case No. ) |
| v. | ) ) |
| PEAK HOME HEALTH CARE, LLC d/b/a PURPOSECARE OF ILLINOIS – JOLIET, | ) **JURY TRIAL DEMANDED** ) ) |
| Defendant. | ) ) |

**COLLECTIVE AND CLASS ACTION COMPLAINT**

Tristin Schimanski ("Plaintiff" or "Schimanski"), individually and on behalf of all others similarly situated, by and through her undersigned counsel, hereby makes the following allegations against Peak Home Health Care, LLC d/b/a PurposeCare of Illinois – Joliet ("Defendant"), upon personal knowledge as to herself and her own acts, and as for all other matters, upon information and belief, and based upon the investigation made by her counsel, as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action to redress Defendant's systematic, companywide violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105/1, *et seq.*, by knowingly misclassifying Plaintiff and other similarly situated home health clinicians as exempt from the overtime compensation requirements of the FLSA and IMWL. Defendant knowingly failed to pay its home health clinicians proper overtime premium wages for overtime work they performed pursuant to a hybrid

1

"per visit" and hourly pay scheme that does not comport with the requirements of the FLSA or IMWL.

2.  Plaintiff brings her FLSA claims on a collective basis pursuant to 29 U.S.C. § 216(b) for all individuals who worked as home health clinicians for Defendant at any point during the maximum limitations period (the "FLSA Collective").

3.  Plaintiff brings her IMWL claims as a class pursuant to Fed. R. Civ. P. 23 for all Illinois residents who worked as home health clinicians for Defendant at any point during the maximum limitations period ("The IMWL Class").

## JURISDICTION AND VENUE

4.  This Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides that suit under the FLSA "may be maintained against any employer … in any Federal or State court of competent jurisdiction."

5.  This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

6.  This Court has supplemental jurisdiction over Plaintiff's IMWL claims pursuant to 28 U.S.C. § 1367 because this claim arises from the same occurrence or transaction as Plaintiff's FLSA claim and is so related to this claim as to form part of the same case or controversy.

7.  Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because Plaintiff resides in this District, Plaintiff worked for Defendant in this District, Plaintiff suffered the losses at issue in this District, Defendant does business within this District, Defendant is alleged to have engaged in the wrongful conduct at issue in this District, and because a substantial part of the acts and omissions giving rise to the Plaintiff's claims occurred within this District.

## PARTIES

8. Plaintiff Tristin Schimanski is a resident of Illinois. From 2016 until December 2022, Plaintiff worked for Defendant full-time as a Physical Therapist, performing home health care services in this District.[1] During this period, Defendant paid Plaintiff on a combined "per visit" and hourly basis that did not include the payment of proper overtime premium wages for the work she performed beyond 40 hours in any workweek. Plaintiff is personally familiar with, and was personally affected by, the policies and practices described in this Complaint.

9. Plaintiff has consented in writing to be a part of this action pursuant to 29 U.S.C. § 216(b). *See* Consent Form (Exhibit A).

10. Defendant Peak Home Health Care, LLC d/b/a PurposeCare of Illinois – Joliet is a limited liability corporation organized under, and governed by, Illinois law, and a citizen of Illinois with its principal place of business located at 920 Essington Road, Joliet, IL 60435. As discussed more fully below, Defendant is directly responsible for the operation of its home healthcare business and for the policies, practices, and conduct at issue in this case.

## FACTUAL ALLEGATIONS

11. This action arises out of Defendant's systematic, company-wide failure to timely pay Plaintiff and other similarly situated home health clinicians proper overtime compensation as required by the FLSA and IMWL. The affected employees worked for Defendant as Registered Nurses, Physical Therapists, Occupational Therapists, Speech Therapists, Medical Social Workers and in other similarly-designated skilled care positions (collectively "Field Clinicians"), whose primary duties involved providing health care services to patients in their homes.

12. During the relevant statutory period, Defendant has maintained a uniform corporate

---

[1] Plaintiff was promoted to a management position in December 2022. Plaintiff's claims in this matter do not relate to her time as a manager.

3

policy and practice of paying Field Clinicians pursuant to a compensation method which includes "per visit" payments for some work, hourly payments for other work, and no payments whatsoever for other work performed outside of the time spent in the patients' homes.

13. Defendant pays Field Clinicians on a "per visit" basis for time spent providing patient care based on a set pay rate for each visit completed of a certain type. For example, all routine visits are paid at a Field Clinician's routine visit rate, while start of care visits, recertification visits, resumption of care visits, and discharge visits are paid at other set rates. These visit rates are based on the amount of patient care and documentation time required for each type of visit, and thus home visits that require more care and documentation are paid at higher rates.

14. Defendant pays Field Clinicians an hourly rate for time spent on other work activities that do not involve direct patient care, including but not limited to, time spent in staff meetings, case conferences, and in-service training.

15. Defendant does not pay Field Clinicians any sums for a multitude of other work tasks they are routinely required to perform outside of the time spent providing care to patients in their homes, including but not limited to, completing documentation of patient visits ("charting"), travelling between patients' homes, preparing for visits, communicating with patients, physicians and other medical care providers about scheduling, patient-care and logistical matters, coordinating patient care with other disciplines, and ordering, organizing and retrieving equipment and supplies used during their home visits.

16. Defendant directed Plaintiff and other Field Clinicians to work, and they routinely did work, more than 40 hours per week on the various work-related tasks described above.

17. Defendant routinely suffered and permitted Plaintiff and other Field Clinicians to work overtime hours, but did not pay overtime wages earned at a rate of 1½ times their regular

4

rate of pay for hours worked in excess of 40.

18. Defendant misclassified Plaintiff and other Field Clinicians as exempt from overtime compensation under the FLSA and IMWL. For an employer to properly designate an employee as exempt from statutory overtime compensation requirements, it must affirmatively establish that the employee performs job duties that meet one of the statutorily-defined exemptions and the employee is paid on either a salary-basis or a fee-basis. Defendant's hybrid pay scheme does not meet either the salary-basis or fee-basis requirement, meaning that Defendant cannot meet its burden of establishing Field Clinicians are overtime exempt and, therefore, wrongly deprived these employees of legally-required overtime wages.

19. Defendant did not maintain accurate contemporaneous records of all the hours Plaintiff and other Field Clinicians worked, and did not require any Field Clinician, including Plaintiff, to maintain such records.

20. Defendant knew, or should have known, that Plaintiff and other Field Clinicians performed non-exempt work that required payment of overtime compensation because it assigned the work they performed, tracked their performance of their work, and required all Field Clinicians to complete extensive documentation detailing their work and when it was completed.

## FLSA COLLECTIVE ACTION ALLEGATIONS

21. Plaintiff brings her claims on a collective basis pursuant to the FLSA, 29 U.S.C. § 216(b), for all Illinois residents who worked for Defendant on a full-time basis as home health Field Clinicians at any point during the maximum limitations period (the "FLSA Collective").

22. Plaintiff belongs to the FLSA Collective she seeks to represent because:

    a. She worked full-time as a home health Field Clinician for Defendant during the relevant period and had similar job duties to the other FLSA Collective members;

  b. She received the same training from Defendant and was required to comply with the same wage and hour policies;

  c. Plaintiff's wages were calculated and paid based on Defendant's hybrid "per visit" and hourly wage pay scheme that included fixed, per-visit payments for some work, hourly payments for other work, and no compensation at all for other required tasks;

  d. Defendant routinely suffered and permitted Plaintiff to work more than 40 hours per workweek, but did not pay her overtime wages earned at a rate of 1½ times her regular rate of pay for hours worked in excess of 40;

  e. Defendant did not maintain accurate contemporaneous records of all the hours Plaintiff worked, and did not require any Field Clinician, including Plaintiff, to maintain such records;

  f. Defendant knew Plaintiff was working more than 40 hours per week because they assigned the work she performed, tracked her performance of this work, and required her to complete extensive documentation detailing her work and when it was completed; and

  g. Defendant did not pay Plaintiff proper overtime premium wages for the work she performed beyond 40 hours in any workweek.

23. Although Plaintiff and the FLSA Collective members may have worked in different job titles, this action is properly maintained as a collective action because, among other things, Plaintiff and the FLSA Collective members:

  a. Worked under the same material terms and conditions of employment;

  b. Performed the same job duties and had the same job-related responsibility of providing skilled care to patients in their homes;

6

  c. Received common training about their employment and the wage and hour policies and practices at issue here;

  d. Were governed by the same timekeeping policies, practices, and systems;

  e. Were governed by the same compensation policies, practices and systems;

  f. Were governed by the same policies, practices, and systems concerning work hours and the performance of their work; and

  g. Were governed by the same policies, practices, and systems concerning overtime hours and wages.

24. Plaintiff and the FLSA Collective members do not meet any test for exemption under the FLSA.

25. Plaintiff estimates that the FLSA Collective, including both current and former employees over the relevant period, will include over 50 members. The precise number of potential FLSA Collective members will be readily ascertainable from Defendant's personnel, scheduling, time and payroll records, and from input received from the FLSA Collective members as part of the notice and "opt-in" process provided by 29 U.S.C. § 216(b).

## IMWL CLASS ACTION ALLEGATIONS

26. Plaintiff also seeks to maintain this action as a class action pursuant to Fed. R. Civ. P. 23(a) and 23(b) on behalf of herself and all other similarly situated individuals who worked for Defendant on a full-time basis as Field Clinicians at any point during the maximum limitations period (the "IMWL Class").

27. Plaintiff and other similarly situated Field Clinicians all worked under common employment policies, were subject to the same compensation scheme, and were subject to the same practices challenged in this action as described above.

28. Plaintiff belongs to the Class she seeks to represent because she and the IMWL Class members:

    a. Are residents of Illinois;

    b. Worked under the same material terms and conditions of employment;

    c. Performed the same job duties and had the same job-related responsibilities;

    d. Received the same training about her employment and the wage and hour policies and practices at issue;

    e. Were governed by the same timekeeping policies, practices and systems;

    f. Were governed by the same compensation policies, practices and systems;

    g. Were governed by the same policies, practices and systems concerning work hours and the performance of their work; and

    h. Were governed by the same policies, practices and systems concerning overtime hours and wages.

## Class Definition

29. Plaintiff seeks class certification under Fed. R. Civ. P. 23 of the following class of individuals:

> All persons who currently work, or have worked, for Defendant on a full-time basis as Field Clinicians within the applicable statute of limitations (the "IMWL class").[2]

30. This action is properly maintained as a class action under Rules 23(a) and (b) because:

    a. The class is so numerous that joinder of all members is impracticable;

    b. There are questions of law or fact that are common to the class;

---

[2] Plaintiff reserves the right to propose a different class definition or include sub-classes, if appropriate, after the completion of discovery. The statute of limitations under the IMWL is three years. *See* 820 ILCS § 105/12.

  c.  The claims or defenses of the Named Plaintiff are typical of the claims or defenses of the class; and

  d.  The Named Plaintiff will fairly and adequately protect the interests of the class.

### Numerosity

31. More than 50 Field Clinicians were employed by Defendant in Illinois who were subject to the same practices challenged in this action as alleged above and not paid proper overtime compensation for all time worked in excess of 40 hours in given workweeks. Accordingly, Plaintiff satisfies the numerosity requirements as the IMWL Class is so numerous that joinder of all members is impracticable.

32. Members of the proposed IMWL Class can be identified and located using Defendant's payroll and personnel records. Members of the IMWL Class may be informed of the pendency of this action by direct mail, electronic mail, text message, and/or published and broadcast notice.

### Commonality

33. There are questions of fact and law common to the IMWL Class members which predominate over questions affecting only individual members, if any. Plaintiff, the members of the IMWL Class, and Defendant has a commonality of interest in the subject matter and the remedy sought.

34. The common questions of law and fact include, but are not limited to the following:

  a.  Whether Defendant can meet its burden of proving it properly classified Plaintiff and the IMWL Class as exempt from the overtime requirements of the IMWL;

b. Whether Defendant failed to keep true and accurate records of the amount of time Plaintiff and the IMWL Class actually worked; and

c. Whether Plaintiff and the IMWL Class suffered damages and the proper measure of those damages.

35. Plaintiff anticipates that Defendant will raise defenses that are common to the class.

## Typicality

36. Plaintiff's claims are typical of the claims of the IMWL Class members she seeks to represent. Plaintiff has the same interests and has suffered from the same unlawful practices as the class members. As a result of Defendant's unlawful conduct, Plaintiff suffered similar injuries as those suffered by other class members.

37. On information and belief, there are no class members who have an interest individually controlling the prosecution of their individual claims, especially in light of the relatively small value of each claim and the difficulties involved in bringing individual litigation against one's employer. However, if any such class member should become known, he or she can "opt out" of this action pursuant to Rule 23.

## Adequacy

38. Plaintiff will fairly and adequately protect the interests of all members of the IMWL Class, and there are no known conflicts of interest between Plaintiff and class members. Plaintiff, moreover, has retained experienced counsel that is competent in the prosecution of complex litigation and who have extensive experience acting as class counsel specifically for wage and hour litigation.

## Predominance and Superiority

39. The common questions identified above predominate over any individual issues,

which will relate solely to the quantum of relief due to individual class members. A class action is superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impracticable. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of effort and expense if these claims were brought individually. Moreover, as the damages suffered by each class member are relatively small in the sense pertinent to class action analysis, the expenses and burden of individual litigation would make it difficult for individual class members to bring individual claims.

40. Important public interests will be served by addressing the matter as a class action. The cost to the court system and the public for the adjudication of individual litigation would be substantially more than if claims are treated as a class action. Prosecution of separate actions by individual class members would create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant and/or substantially impair or impede the ability of class members to protect their interests. The issues in this action can be decided by means of common, class-wide proof.

**COUNT I**
**VIOLATION OF FAIR LABOR STANDARDS ACT**
**DEFENDANT'S FAILURE TO PAY EARNED OVERTIME**

41. Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

42. Defendant is an "Employer" as defined by 29 U.S.C. § 203(d).

43. The wages Defendant paid Plaintiff and the members of the FLSA Collective are "Wages" as defined by 29 U.S.C. § 203(m).

44. Defendant is an "enterprise engaged in commerce or in the production of goods for

commerce" within the meaning of 29 U.S.C. § 203(s)(1)(A).

45. Plaintiff and the members of the FLSA Collective are "Employees" as defined by 29 U.S.C. § 203(e)(1)

46. Plaintiff and the members of the FLSA Collective are similarly situated individuals within the meaning of 29 U.S.C. § 216(b).

47. 29 U.S.C. § 207(a)(1) provides that, with certain exceptions not applicable here, employers must pay employees an overtime premium rate, equal to at least 1½ times their regular rate of pay, for all hours worked in excess of 40 hours per week.

48. 29 U.S.C. § 211(c) expressly requires employers to maintain accurate time records of the work performed by their employees.

49. 29 U.S.C. § 216(b) expressly allows private plaintiffs to bring collective actions to enforce an employer's failure to comply with the requirements of the FLSA.

50. Throughout the relevant period, Defendant was obligated to comply with the FLSA's requirements, Plaintiff and the members of the FLSA Collective were covered employees entitled to the FLSA's protections, and Plaintiff and the members of the FLSA Collective were not exempt from receiving wages required by the FLSA for any reason.

51. Defendant willfully violated the FLSA and acted with reckless disregard of clearly applicable FLSA provisions by knowingly misclassifying Plaintiff and the members of the FLSA Collective as "exempt," and thereby knowingly suffering or permitting them to regularly work more than 40 hours per week without ensuring they were paid at the proper overtime premium rate for all hours in excess of 40 hours in accordance with the FLSA, 29 U.S.C. § 207(a)(1).

52. Defendant willfully violated the FLSA and acted with reckless disregard of clearly applicable FLSA provisions by knowingly failing to create or maintain accurate records of the time

Plaintiff and the members of the FLSA Collective worked.

53. Plaintiff and the members of the FLSA Collective have been harmed as a direct and proximate result of the unlawful conduct described here because they have been deprived of proper overtime wages owed for work they performed from which Defendant derived a direct and substantial benefit.

54. Defendant has no good faith justification or defense for the conduct detailed above, or for failing to pay Plaintiff and the members of the FLSA Collective all wages mandated by the FLSA.

55. As a result of Defendant's violations of the FLSA, Plaintiff and members of the FLSA collective have suffered harm and are entitled to recoup their unpaid wages, together with an additional equal amount as liquidated damages, and reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

**COUNT II**
**VIOLATION OF ILLINOIS MINIMUM WAGE LAW**
**DEFENDANT'S FAILURE TO PAY EARNED OVERTIME**

56. Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

57. Defendant is an "Employer" as defined by 820 ILCS § 105/3(c).

58. Plaintiff and the members of the IMWL Class are "Employees" as defined by 820 ILCS § 105/3(d).

59. The wages Defendant paid to Plaintiff and the members of the IMWL Class are "Wages" as defined by 820 ILCS § 105/3(b).

60. Plaintiff and the IMWL Class meet the requirements for certification and maintenance of a class action pursuant to Fed. R. Civ. P. 23.

61. The IMWL, 820 ILCS § 105/4(a), provides that, with certain exceptions not applicable here, employers must pay employees 1½ times their regular rate for all hours worked in excess of 40 per workweek.

62. The IMWL, 820 ILCS § 105/12, provides that employers who violate the provisions of the Act are liable to affected employees for treble unpaid wages, attorney's fees, costs, damages of 5% of the amount of any such underpayment for each month following the date the payment was due, and other appropriate relief.

63. The IMWL, 820 ILCS § 105/8, expressly requires employers to maintain accurate time records of the work performed by their employees.

64. Throughout the relevant period, Defendant was obligated to comply with the IMWL's requirements, Plaintiff and the members of the IMWL Class were covered employees entitled to the IMWL's protections, and Plaintiff and the members of the IMWL Class were not exempt from receiving wages required by the IMWL for any reason.

65. Defendant violated the IMWL and acted with reckless disregard of clearly applicable IMWL provisions by knowingly misclassifying Plaintiff and the members of the IMWL Class as "exempt," and thereby knowingly suffering or permitting them to regularly work more than 40 hours per week without ensuring they were paid at the proper overtime premium rate for all hours in excess of 40 hours in accordance with Section 105/4(a) of the IMWL.

66. Defendant violated the IMWL, 820 ILCS § 105/8, and acted with reckless disregard of clearly applicable IMWL provisions by knowingly failing to create or maintain accurate records of the time Plaintiff and the members of the IMWL Class worked.

67. Plaintiff and the members of the IMWL Class have been harmed as a direct and proximate result of the unlawful conduct described here because they have been deprived of proper

overtime wages owed for work they performed from which Defendant derived a direct and substantial benefit.

68. As a result of Defendant's violations of the IMWL, Plaintiff and the members of the IMWL Class have suffered harm and are entitled to recoup treble the amount of their unpaid wages, together with reasonable attorneys' fees and costs, damages of 5% of the amount of any such underpayment for each month following the date the payment was due, and other appropriate relief, pursuant to 820 ILCS § 105/12.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff Tristin Schimanski, individually and on behalf of all others similarly situated, by and through her attorneys, demands judgment against Defendant, and in favor of Plaintiff and all others similarly situated, for a sum that will properly, adequately and completely compensate Plaintiff and all others similarly situated for the nature, extent and duration of their damages, the costs of this action, and as follows:

A. Approve this matter to proceed as a collective action with respect to Count I;

B. Order Defendant to furnish to counsel a list of all names, telephone numbers, home addresses and email addresses of all members of the FLSA Collective who have worked for the Defendant within the preceding three years;

C. Authorize Plaintiff's counsel to issue notice at the earliest possible time to all members of the FLSA Collective who have worked for Defendant within the preceding three years, informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit;

D. Certify the IMWL Class as a class action pursuant to Fed. R. Civ. P. 23(a) and (b) with respect to Count II;

E. Appoint Stephan Zouras, LLC to serve as class counsel;

F. Award judgment in favor of Plaintiff and against Defendant for an amount equal to Plaintiff and the FLSA Collective members' unpaid overtime compensation;

G. Award judgment in favor of Plaintiff and against Defendant for an amount equal to

|  |  |
|---|---|
|  | Plaintiff and IMWL Class members' unpaid overtime compensation; |
| H. | Declare that Defendant's violations of the FLSA were willful; |
| I. | Award Plaintiff and the members of the FLSA Collective liquidated damages in an amount equal to the amount of unpaid overtime found due in accordance with the FLSA; |
| J. | Award Plaintiff and the members of the IMWL Class treble damages in accordance with the IMWL; |
| K. | Award Plaintiff and the members of the IMWL Class 5% of all wages due for each month accruing from the date such amounts were due until they are paid in accordance with the IMWL; |
| L. | Award prejudgment interest for the FLSA claims (to the extent that liquidated damages are not awarded); |
| M. | Award Plaintiff reasonable attorneys' fees and all costs of the collective action, to be paid by Defendant, in accordance with the FLSA; |
| N. | Award Plaintiff reasonable attorneys' fees and all costs of the class action, to be paid by Defendant, in accordance with the IMWL; |
| O. | Award pre- and post-judgment interest and court costs as further allowed by law; |
| P. | Award a reasonable service award to Plaintiff to compensate her for the time and effort spent protecting the interests of other workers, and the risks she has undertaken; |
| Q. | Grant Plaintiff leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; |
| R. | Grant Plaintiff leave to amend to add claims under applicable state and federal laws; |
| S. | Provide additional general and equitable relief to which Plaintiff and the IMWL Class may be entitled; and |
| T. | Provide further relief as the Court deems just and equitable. |

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Dated: October 25, 2024 Respectfully Submitted,

*/s/ Teresa M. Becvar*

Ryan F. Stephan
James B. Zouras
Teresa M. Becvar
Stephan Zouras, LLC
222 W. Adams Street, Suite 2020
Chicago, Illinois 60606
(312) 233-1550
rstephan@stephanzouras.com
jzouras@stephanzouras.com
tbecvar@stephanzouras.com

*Attorneys for the Plaintiff and the Putative Collective and Class*