# THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| **TRISTIN SCHIMANSKI, on behalf of herself, individually, and on behalf of all others similarly situated,** ) ) ) ) | |
| **Plaintiff,** ) ) | Case No. 1:24-cv-10991 |
| v. ) ) | Hon. Jeremy C. Daniel |
| **PEAK HOME HEALTH CARE, LLC d/b/a PURPOSECARE OF ILLINOIS – JOLIET,** ) ) ) | |
| **Defendant.** ) ) | |

### ORDER CERTIFYING CLASS FOR SETTLEMENT PURPOSES ONLY AND GRANTING PRELIMINARY APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT

On September 17, 2025, the Court heard the Parties' joint motion for preliminary approval of a class and collective action settlement. The Court has considered the Settlement Agreement and its exhibits, including the Notice of Proposed Settlement of Class and Collective Action Lawsuit ("Settlement Notice"), along with the submissions of counsel, and hereby finds and orders as follows:

1. Unless otherwise defined herein, all terms used in this Order (the "Preliminary Approval Order") will have the same meaning as defined in the Settlement Agreement.

2. The Court finds on a preliminary basis under Fed. R. Civ. P. 23(e)(1)(B) that the settlement memorialized in the Settlement Agreement, and filed with the Court, will likely be approved as fair, reasonable, and adequate after notice to the class. Therefore, this Court grants preliminary approval of the Parties' Settlement Agreement.

3. This Court finds that the proposed class is proper and should be certified. For

purposes of the proposed settlement, a class is certified pursuant to Fed. R. Civ. P. 23 as follows:

> All individuals who have been employed by Peak Home Health Care, LLC d/b/a PurposeCare of Illinois – Joliet as exempt-classified home health Registered Nurses, Physical Therapists, Occupational Therapists, Speech Therapists, and Medical Social Workers and were paid on a "per visit" basis during the period from October 25, 2021 to August 18, 2025.

4. This Court specifically finds for purposes of this settlement that (i) the class is so numerous that joinder is impracticable; (ii) common questions of fact and law exist; (iii) the Named Plaintiff's claims are typical of the class claims; and (iv) the Named Plaintiff will be able to fairly and adequately protect the interests of the class. In addition, this Court finds for purposes of this settlement that common questions of fact and law predominate over questions affecting individual class members, and the class action is superior to other available methods of adjudication. Certification of the class for settlement purposes is the best means for protecting the interests of all Class Members.

5. This Court appoints the attorneys from Stephan Zouras, LLC, as Class Counsel and Named Plaintiff Tristin Schimanski as Class Representative.

6. This Court approves Analytics Consulting LLC as Settlement Administrator to perform duties in accordance with the terms of the Settlement Agreement and the plan of settlement administration therein.

7. The Settlement Notice to be provided as set forth in the Settlement Agreement is hereby found to be the best practicable means of providing notice under the circumstances and, when completed, shall constitute due and sufficient notice of the proposed settlement and of the Final Approval Hearing to all Class Members affected by and/or entitled to participate in the settlement, in full compliance with the notice requirements of Fed. R. Civ. P. 23, due process, the Constitution of the United States, and all other applicable laws. The Settlement Notice is accurate,

objective, and informative and provides Class Members with all of the information necessary to make an informed decision regarding their participation in the settlement and its fairness.

8. The Settlement Notice, attached to the Settlement Agreement as Exhibit B, is approved. The Settlement Administrator is authorized to mail and email the Settlement Notice to the Class Members as provided in the Settlement Agreement.

9. Any written objection to the settlement must be submitted to the Court no later than forty-five (45) days after the Settlement Notice is mailed to the Class Members.

10. This Court preliminarily approves an award of attorneys' fees to Class Counsel of $576,000.00, inclusive of all past and anticipated future attorneys' fees, plus up to $6,000.00 for reasonable litigation costs expended and settlement administration expenses of an amount to be determined, but estimated not to exceed $10,000.00.

11. The Court will conduct a Final Approval Hearing on January 7, 2026 at 9:30 a.m. to determine the overall fairness of the settlement. The Final Approval Hearing may be continued without further notice to Class Members. The Class Representative and Defendant shall file their motion for final approval of the settlement, and Class Counsel shall file their unopposed motion for attorneys' fees and costs, settlement administration expenses, and the Service Payment to the Class Representative on or before December 31, 2025.

IT IS SO ORDERED.

Dated: September 17, 2025

Jeremy C. Daniel
United States District Judge